IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) GO MART, INC., | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No.** CIV-14-1234-M |
| | ) | |
| (1) EMPLOYERS MUTUAL CASUALTY | ) | **Removed from Cleveland** |
| COMPANY, | ) | **County District Court** |
| | ) | **Case No. CJ-2014-607** |
| | ) | |
| **Defendant.** | ) | |

## NOTICE OF REMOVAL

Respectfully submitted,

*s/Phil R. Richards*
Phil R. Richards, OBA #10457
Jessica N. Battson, OBA #22843
Randy Lewin, OBA #16518
RICHARDS & CONNOR
12th Floor, ParkCentre Bldg.
525 S. Main Street
Tulsa, Oklahoma 74103
Telephone: 918/585.2394
Facsimile: 918/585.1449

ATTORNEYS FOR DEFENDANT
EMPLOYERS MUTUAL CASUALTY
COMPANY

## TABLE OF CONTENTS

I. INTRODUCTION: WHY REMOVAL IS PROPER IN THIS CASE ..................... 1

II. FACTS............................................................................................................. 2

III. REMOVAL REQUIREMENTS .............................................................. 4

IV. PLAINTIFF HAS FRAUDULENTLY MISJOINED ITS CLAIMS AGAINST BERRONG WITH ITS CLAIMS AGAINST EMC, BECAUSE BOTH THE FACTS AND THE LAW OF THE CLAIMS ARE WHOLLY DISTINCT FROM EACH OTHER..................................................................................................................... 6

V. ALTERNATIVELY, PLAINTIFF HAS FRAUDULENTLY JOINED ITS CLAIMS AGAINST BERRONG WITH ITS CLAIMS AGAINST EMC, BECAUSE THERE IS NO POSSIBILITY THAT PLAINTIFF CAN ESTABLISH A CAUSE OF ACTION AGAINST BERRONG ............................................................................ 9

VI. PLAINTIFF HAS FRAUDULENTLY JOINED ITS CLAIMS AGAINST UMBER WITH ITS CLAIMS AGAINST EMC, BECAUSE THERE IS NO POSSIBILITY THAT PLAINTIFF CAN ESTABLISH A CAUSE OF ACTION AGAINST UMBER........................................................................................... 17

VII. PLAINTIFF HAS COMMITTED OUTRIGHT FRAUD .................................... 23

CONCLUSION...................................................................................... 24

## TABLE OF AUTHORITIES

**Cases**

*American National Bank and Trust Co. of Sapulpa v. Bic Corp.,*
931 F.2d 1411 (10th Cir. 1991)....................................................................... 23

*Archer v. Kelly.*
271 F. Supp.2d 1320 (N.D. Okla. 2008) .......................................................... 5

*Bunnell v. Oklahoma MH Properties LP,*
Western Dist. Case No. CIV-12-0372-R, Doc. # 14. ..................................... 7, 9

*Childs v. Unified Life Insurance Co.,*
781 F.Supp.2d 1240 (N.D. Okla. 2011) ....................................................... 14, 22

*Christian v. American Home Assurance Co.,*
577 P.2d 899 (Okla. 1977) .......................................................................... 7, 19

*Cosper v. Farmers Insurance Co.,*
309 P.3d 147 (Okla. Civ. App. 2013) ............................................................ 11

*Jernigan v. Ashland Oil Inc.,*
989 F.2d 812 (5th Cir. 1993)......................................................................... 10

*Kerchee v. Smith,*
2011 WL 4500824 (W.D. Okla. 2011) ............................................................ 9

*Kutz v. State Farm Fire & Casualty Co.,*
189 P.3d 740 (Okla. Civ. App. 2008) ............................................................. 8

*Lafalier v. State Farm Fire and Casualty Co.,*
391 Fed. Appx. 732 (10th Cir. 2010) ............................................................ 6, 7

*Lewis v. Farmers Insurance Co., Inc.,*
681 P.2d 67 (Okla. 1983) ............................................................................... 7

*Nerad v. AstraZeneca Pharmaceuticals, Inc.,*
203 Fed. Appx. 911 (10th Cir. 2006) ............................................................ 10

*Roe v. Gen. American Life Insurance Co.,*
712 F.2d 450 (10th Cir. 1983)..................................................................... 10, 11

*Smith v. Allstate Vehicle and Property Insurance Co.,*
2014 WL 1382488 (W.D. Okla. 2014) ...................................................... 1, 10, 11, 12, 13

*Swickey v. Silvey Cos.,*
979 P.2d 266 (Okla. Civ. App. 1999) ................................................................. 8, 11, 12

*Tapscott  v. MS Dealer Service Corp.,*
77 F.3d 1353 (11th Cir. 1996) ................................................................................... 6

*Thomas v. Metropolitan Life Insurance Co.,*
540 F.Supp.2d 1212 (W.D. Okla. 2008) ............................................................... 14, 22

*Timmons v. Royal Globe Insurance. Co.,*
653 P.2d 907 (Okla. 1982) .................................................................... 7, 14, 16, 19

*Walker v. Chouteau Lime Co.,*
*849 P.2d. 1085 (Okla. 1993)* ................................................................................. 16, 22

*Wallace v. Allstate Ins. Co.,*
2012 WL 2060664 (W.D. Okla. 2012) ................................................................. 1, 17, 18

*Ward v. Toyota Motor Insurance Services, Inc.,*
2012 WL 1108039 (E.D. Okla. 2012) ................................................................... 14, 22

*Wathor v. Mutual Assurance Administrators, Inc.,*
87 P.3d 559 (Okla. 2004) ........................................................................................ 19

## Constitutional Provisions, Statutes, and Rules

### Federal

28 U.S.C.  § 1332 .................................................................................................... 5

28 U.S.C. §1332(a) .................................................................................................. 5

28 U.S.C. § 1332(a)(1) ............................................................................................. 4

28 U.S.C. § 1446(b)(3) ............................................................................................. 4

28 U.S.C. § 1441 ...................................................................................... 1, 24

Fed.R.Civ.P. 20 ........................................................................................... 6

Fed.R.Civ.P. 20(a)(2) .................................................................................. 6

**State**

Okla. Const. Art. 6, § 22 ........................................................................ 15, 21

12 Okla. Stat. § 2008(A)(1) ...................................................................... 23

15 Okla. Stat. § 754(2) ..................................................................... 15, 21, 22

36 Okla. Stat. § 307 ............................................................................... 15, 21

36 Okla. Stat. § 6202 ................................................................................. 20

36 Okla. Stat. § 1250.5 .............................................................................. 16

36 Okla. Stat. § 1435.2(7) ......................................................................... 15

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **(1) GO MART, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.** |
| | ) | |
| **(1) EMPLOYERS MUTUAL CASUALTY** | ) | **Removed from Cleveland** |
| **COMPANY,** | ) | **County District Court** |
| | ) | **Case No. CJ-2014-607** |
| | ) | |
| **Defendant.** | ) | |

## NOTICE OF REMOVAL

**COMES NOW** Defendant Employers Mutual Casualty Company ("EMC"),[1] pursuant to 28 U.S.C. § 1441, and files this Notice of Removal of the above-styled action from the District Court of Cleveland County, Oklahoma, to the United States District Court for the Western District of Oklahoma. For its grounds for removal, EMC states the following:

## I.  INTRODUCTION: WHY REMOVAL IS PROPER IN THIS CASE

This lawsuit was brought in state court by Plaintiff, Go Mart, Inc., an Oklahoma corporation. Plaintiff has sued one diverse corporation, EMC. It has also sued an Oklahoma corporation, the Ed Berrong Insurance Agency, Inc. ("Berrong"), and an Oklahoma individual, independent insurance adjuster Larry Don Umber ("Umber"), but courts in this District have recently found that similar efforts to include claims against a

---

[1] EMC was incorrectly named in the state court petition as "Employers Mutual Insurance Company." Plaintiff subsequently filed an amended petition which corrects EMC's name but is identical in all other respects to the original petition. References below to the petition apply equally to the amended petition.

non-diverse insurance agent and independent insurance adjuster with claims against a diverse insurer were fraudulent attempts to defeat federal jurisdiction.

Specifically, in *Smith v. Allstate Vehicle and Property Ins. Co.,* 2014 WL 1382488 (W.D. Okla. 2014), the Court applied fraudulent joinder principles to deny a motion to remand, finding that claims brought against a non-diverse insurance agent were not viable and did not bar removal. As shown below, those claims are identical to the claims in the instant case against insurance agency Berrong. And in *Wallace v. Allstate Ins. Co.,* 2012 WL 2060664 (W.D. Okla. 2012), these same principles were applied to deny a motion to remand where the plaintiff sued a non-diverse independent insurance adjuster, such as the instant case's Umber. Further, Plaintiff's claims against Berrong, the Oklahoma insurance agency, have been fraudulently *mis*-joined with the claims against EMC, because the two sets of claims are wholly distinct from each other, both on the law and the facts.

These decisions illustrate the federal courts' recognition that a plaintiff suing out-of-state defendants may improperly attempt to defeat diversity jurisdiction by also suing a defendant from the same state as the plaintiff. To prevent this from happening, courts apply the concepts of fraudulent joinder and fraudulent misjoinder. These doctrines apply to this case.

## II. FACTS

1.      Plaintiff is incorporated under the laws of Oklahoma, with its principal place of business in Moore, Cleveland County, Oklahoma, where it operates a

convenience store. (Exhibit 1, Petition at ¶ 1; Exhibit 2, Entity Summary Information from Oklahoma Secretary of State website; Exhibit 3, Policy Declarations pp. 1 & 7).

2.      EMC is an insurance company, incorporated under the laws of Iowa, with its principal place of business in Iowa. (Exhibit 1 at ¶ 2; Exhibit 4, Oklahoma Insurance Department 2013 Annual Report at p. 47).

3.      Plaintiff purchased a policy of insurance ("the Policy") from EMC. (Exhibit 1 at ¶ 6; Exhibit 3).

4.      Plaintiff purchased the Policy through the Berrong insurance agency, which is incorporated under the laws of Oklahoma and has its principal place of business in Oklahoma. (Exhibit 1 at ¶¶ 3 & 6).

5.      Plaintiff's property was damaged by a storm on May 31, 2013. (*Id.* at ¶ 11).

6.      Plaintiff submitted a property damage claim to EMC. (*Id.* at ¶ 12).

7.      Plaintiff then sued EMC, Berrong, and Umber, an Oklahoma citizen who is a licensed insurance adjuster who EMC retained as an independent adjuster. (*Id.* at ¶ 4; Exhibit 5, Affidavit of Larry Umber).

8.      Plaintiff's petition asserted eight theories of recovery (denominated in the petition as "causes of action"):

>        (a) breach of contract against EMC, for allegedly failing to pay the value of the claim (Exhibit 1 at ¶¶ 15-22):

>        (b) bad faith, for breach of the duty to deal fairly and act in good faith against EMC and Umber (*id.* at ¶¶ 23-32):

(c) breach of fiduciary duty against EMC and Berrong (*id.* at ¶¶ 33-40);

(d) negligent procurement of insurance against EMC and Berrong, with Plaintiff alleging it paid for replacement cost coverage that it did not receive in the Policy (*id.* at ¶¶ 41-56);

(e) constructive fraud and negligent misrepresentation against EMC and Berrong regarding the nature of the Policy (*id.* at ¶¶ 57-70);

(f) negligent underwriting against unnamed Defendants for allegedly failing to procure the property insurance (*id.* at ¶¶ 71-85);

(g) violations of the Oklahoma Consumer Protection Act against unnamed Defendants (*id.* at ¶¶ 86-89); and

(h) breach of the common law duty of good faith and fair dealing against unnamed Defendants (*id.* at ¶¶ 90-93).

9.  Plaintiff seeks damages in excess of $75,000, exclusive of interest and costs. (Exhibit 6, Demand Letter).

## III.   REMOVAL REQUIREMENTS

Removal based on diversity of citizenship requires that the matter in controversy exceeds $75,000, exclusive of interest and costs, and be between citizens of different states. 28 U.S.C. § 1332(a)(1).

**A.    Amount in controversy:**  Although Plaintiff's petition states that it seeks damages in excess of $10,000 (Exhibit 1, Prayer for Relief(c)), Plaintiff sent EMC a demand letter demanding more than $75,000 in damages.  (Exhibit 6).  Under 28 U.S.C. § 1446(b)(3), a notice of removal may be filed within 30 days after receipt by the

defendant of an "other paper" from which it may first be ascertained that the case is one which is or has become removable. A demand letter may be considered an "other paper" for purposes of § 1446(b), *see, for example, Archer v. Kelly*, 271 F.Supp.2d 1320, 1324 (N.D. Okla. 2003). The 30-day removal period begins from the date the defendant receives the initial pleading, when the defendant has actual knowledge on that date that the amount in controversy exceeds the required jurisdictional amount. *Id.* EMC is thus filing this notice of removal within 30 days of service of Plaintiff's petition and, based upon Plaintiff's demand letter, the amount in controversy exceeds $75,000, exclusive of costs and interest, as required by 28 U.S.C. §1332(a).

      **B.**    <u>**Diversity and Consent**</u>: Plaintiff is an Oklahoma citizen, and EMC is a citizen of the state of Iowa. Thus, this case concerns an Oklahoma plaintiff and one diverse defendant. This Court therefore has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332, because the claims against the additional, non-diverse defendants, Berrong and Umber, have been fraudulently joined or misjoined with the claims against EMC.[2]

---

[2] For this Court's information, Defendants note that the most recently-amended version of 28 U.S.C. § 1441(2)(A) codifies the common-law "rule of unanimity," which requires that when a civil action is removed solely under 28 U.S.C. § 1441(a), "all defendants who have been *properly* joined and served must join in or consent to the removal of the action." (Emphasis added.) Defendants have not attempted to obtain consent by Berrong or Umber because, as explained below, neither have been properly joined. This is not a bootstrapping argument, because the federal courts have expressly held that a removing defendant alleging fraudulent joinder does not need to obtain consent from improperly or fraudulently joined parties. *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993); *McDonald v. Raycom TV Broadcasting, Inc.*, 2009 WL 1149569 (S.D. Miss. 2009).

## IV. <u>PLAINTIFF HAS FRAUDULENTLY MISJOINED ITS CLAIMS AGAINST BERRONG WITH ITS CLAIMS AGAINST EMC, BECAUSE BOTH THE FACTS AND THE LAW OF THE CLAIMS ARE WHOLLY DISTINCT FROM EACH OTHER.</u>

"Fraudulent misjoinder occurs when a plaintiff sues a diverse defendant in state court and joins a non-diverse or in-state defendant even though the plaintiff has no reasonable procedural basis to join such defendants in one action." *Lafalier v. State Farm Fire and Cas. Co.,* 391 Fed. Appx. 732, 739 (10th Cir. 2010), quoting E. Farish Percy, *Defining the Contours of the Emerging Fraudulent Misjoinder Doctrine,* 29 Harv. J.L. & Pub. Policy 569, 572 (2006). This "procedural basis" is found in a portion of the permissive joinder statute, Fed.R.Civ.P. 20(a)(2), which allows joinder of claims in which (A) any right to relief is asserted against the defendants jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and where (B) any question of law or fact common to all defendants will arise in the action. If the claims alleged against some defendants are "wholly distinct" from the claims against a second class of defendants, then the various claims are insufficient for joinder under Fed.R.Civ.P. 20. *Lafalier,* 391 Fed. Appx. at 739. In such cases, fraudulent misjoinder applies, because "[a] defendant's right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy." *Id.*, quoting *Tapscott v. MS Dealer Serv. Corp.,* 77 F.3d 1353 (11th Cir. 1996) (abrogated on other grounds).

In *Lafalier,* the Tenth Circuit did not formally adopt the concept of procedural misjoinder, because it determined that doing so would not change the case's results.

However, it clearly favored the doctrine, noting, "There may be many good reasons to adopt procedural misjoinder." *Id.* Recently in this District, Judge David L. Russell applied fraudulent misjoinder to deny a motion to remand. *See Bunnell v. Okla. MH Properties LP,* case No. CIV-12-0372-R, Doc. 14.

The instant case is a perfect example of fraudulent misjoinder, because Plaintiff's claims against EMC are wholly distinct from the claims against Berrong, both in terms of the law and the facts.

Regarding the law, Plaintiff has attempted to assert numerous claims against EMC, but Oklahoma recognizes only two causes of action premised on an insurance contract which may be asserted against an insurer: an action based on the contract and an action for breach of the implied duty to deal fairly and in good faith. *Lewis v. Farmers Ins. Co., Inc.,* 681 P.2d 67, 69 (Okla. 1983). Plaintiff has asserted those claims against EMC in its First and Second Causes of Action, but it has not asserted *either* of those claims against Berrong, the insurance agency. Indeed, such claims *cannot* be asserted against Berrong under Oklahoma law, since it was not a party to the Plaintiff's insurance contract with EMC, *see Timmons v. Royal Globe Ins. Co.,* 653 P.2d 907, 912-13 (Okla. 1982), and it is only out of that insurance contract that the implied duty of good faith and fair dealing arises. *Christian v. American Home Assurance Co.,* 577 P.2d 899, 904 (Okla. 1977). Thus, whatever claims may be asserted against Berrong, under Oklahoma law those claims are necessarily "wholly distinct" from the claims against EMC only, which makes the doctrine of fraudulent joinder applicable. *See Lafalier*, 391 Fed. Appx. at 739.

Furthermore, the relevant facts regarding Plaintiff's claims are totally different. All of the facts regarding Berrong's procurement of the Policy necessarily predate the purchase of the Policy, while all the facts regarding EMC's handling of a claim under the Policy postdate its purchase. Clearly, not until after the insurance contract was created, through its sale by Berrong, could the Policy exist under which Plaintiff made its claim for an insured loss *during the contract period* which resulted in its breach of contract and bad faith claims against EMC. Thus, the relevant alleged improper acts of Berrong necessarily *ended* before any of the alleged improper acts of EMC could *begin*.

In fact, the allegations against Berrong and EMC do not even involve the same contract. Under Oklahoma law, an insurance agency such as Berrong can be liable to a customer under either breach of contract or tort theories for failure to procure insurance, but the contract allegedly breached is not the insurance contract – it is the implied promise to procure the insurance contract. *See Kutz v. State Farm Fire & Cas. Co.,* 189 P.3d 740, 744-45 (Okla. Civ. App. 2008); *Swickey v. Silvey Cos.,* 979 P.2d 266, 268 (Okla. Civ. App. 1999). By contrast, the contract between EMC and Plaintiff is a different contract, the Policy of insurance.

In short, the claims against EMC are "wholly distinct" from the claims against Berrong. The facts are different, the law is different, and even the types of damages are different. Plaintiff's alleged damages for negligent procurement are the amounts which might have been recovered if the coverage had been procured as agreed. *Swickey* at 269. Those damages are distinct from what Plaintiff is seeking from EMC for breach of contract, which is the amount Plaintiff asserts he is entitled to for "all benefits owed"

under the Policy which actually was procured by Berrong for Plaintiff from EMC. (Exhibit 1 at ¶ 20).

In addition to *Bunnell v. Oklahoma MH Properties LP*, case No. CIV-12-0372-R, this District applied fraudulent misjoinder in *Kerchee v. Smith*, 2011 WL 4500824 (W.D. Okla. 2011), which adopted the report of the magistrate finding that an inmate's claims related to his prosecution were misjoined with his claims related to his subsequent confinement. While all the claims asserted constitutional and state law violations, the fact remained that "the two sets of claims do not arise out of the same transaction or occurrence, and no question of law or fact is common to the two sets of defendants." *Id*. at CIV-11-00459-C, Doc. 25, p. 6.

The claims here also involve different transactions -- one for the transaction between customer and insurance agency for the *procurement* of insurance; the other a claim for a loss allegedly suffered *after* the Policy was in force. Because Plaintiff's claims against EMC are wholly distinct from the claims against Berrong, they were misjoined, and do not defeat diversity jurisdiction.

## V. ALTERNATIVELY, PLAINTIFF HAS FRAUDULENTLY JOINED ITS CLAIMS AGAINST BERRONG WITH ITS CLAIMS AGAINST EMC, BECAUSE THERE IS NO POSSIBILITY THAT PLAINTIFF CAN ESTABLISH A CAUSE OF ACTION AGAINST BERRONG.

In addition to fraudulently misjoining parties, a plaintiff will sometimes fraudulently join a non-diverse party in order to prevent removal. Fraudulent joinder requires the removing party to show that: (1) there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court,

or (2) there has been outright fraud in the plaintiff's pleadings of jurisdictional facts. *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993).  As to the former requirement, the Tenth Circuit has held that a court must "pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available" to decide whether there is a reasonable basis to believe the plaintiff might succeed in at least one claim against the non-diverse defendant.  *Nerad v. AstraZeneca Pharmaceuticals, Inc.*, 203 Fed. Appx. 911, 913 (10th Cir. 2006).  "[T]he joinder of a resident defendant against whom no cause of action is pled, or against whom there is in fact no cause of action, will not defeat removal." *Roe v. Gen. Am. Life Ins. Co.*, 712 F.2d 450, 452 at footnote* (10th Cir. 1983).

In a case with strikingly similar facts and allegations as in the instant case, this District recently applied fraudulent joinder principles to deny a motion to remand, and then to dismiss the in-state insurance agent with prejudice.  That decision is *Smith v. Allstate Vehicle and Property Ins. Co.*, 2014 WL 1382488 (W.D. Okla. 2014), and as in the instant case, the lawsuit was brought by Oklahoma property owners whose property was damaged in a storm.  As here, the property owners asserted claims of breach of contract and bad faith against their insurer, and claims of negligent procurement of insurance, breach of fiduciary duty, and negligent misrepresentation/constructive fraud against both the diverse insurer and their Oklahoma agent.

The *Smith* plaintiff made the same allegations against their agent as Plaintiff makes in its lawsuit, right down to using exactly the same language to assert that the insurance requested by Plaintiff "was not procured as promised and Plaintiff suffered a

loss" (*Smith* at 2 & Exhibit 1 at ¶ 48; language identical except for the use of singular "Plaintiff") and that the policy "did not accurately reflect the replacement cost of Plaintiff's dwelling" (*Smith* at 2 & Exhibit 1 at ¶ 49(b); same use of singular "Plaintiff"). Plaintiff's petition even includes the *Smith* plaintiffs' reference to "dwelling," even though Plaintiff's building is a business, not a dwelling. *Id.*

The *Smith* Court held that the case was properly removable.  Finding that there was no possibility that the plaintiffs could establish any of their claims against the insurance agent, the Court determined that the plaintiffs had fraudulently joined the claims against the diverse insurer with those against the non-diverse agent.  A claim-by-claim analysis of Plaintiff's causes of action against Berrong leads to the same conclusion.

**Plaintiff's Third Cause of Action, for breach of fiduciary duty**:  Simply put, there is no possibility Plaintiff can establish this cause of action against Berrong, because Oklahoma does not recognize this cause of action against an insurance agency.  As *Smith* notes, "Oklahoma courts have not imposed a fiduciary duty on an insurance agent 'to a prospective insured, or to an established customer with respect to procurement of an additional policy.'"  *Smith* at 4, citing *Swickey v. Silvey Cos.,* 979 P.2d 266, 269 (Okla. Civ. App. 1999); *Cosper v. Farmers Ins. Co.,* 309 P.3d 147, 150 (Okla. Civ. App. 2013).

As stated above, joinder of a resident defendant against whom there is in fact no cause of action will not defeat removal.  *Roe v. Gen. Am. Life Ins. Co.,* 712 F.2d at 452. There is, in fact, no cause of action for breach of fiduciary duty against an insurance

agency, and therefore Plaintiff's attempt to plead such a cause of action should not defeat removal.

**Plaintiff's Fourth Cause of Action, for negligent procurement**: This claim was also pled in *Smith*, which noted that while *Swickey v. Silvey*, infra, recognized a cause of action against an insurance agency for negligent procurement, the claim is strictly limited to the failure to procure *specific* coverage -- which the *Smith* plaintiffs failed to do:

> While plaintiffs contend they never acknowledged or signed the application that was submitted to obtain their policy, they do not assert that the amount of insurance selected was different from what they discussed with Muse [the agent] or that they had asked for a different type of policy. *See Swickey*, 979 P.2d at 268 ("[T]o prevail on a claim [against an insurance agent] for breach of contract to procure insurance, a plaintiff must show that the insurance agent agreed to procure insurance coverage . . . of a certain breadth, and then failed to do so."). Plaintiffs do state that the insurance procured did "**not accurately reflect the replacement cost**" of their dwelling. However, as noted earlier, the Oklahoma courts have explicitly refused to "impose a duty upon an insurer to provide an 'adequate amount' of coverage" when the insured "did not request a specific amount of coverage." *Cosper*, 309 P.2d at 149. Because plaintiffs acknowledge that coverage was obtained and do not allege that the amount of coverage was not what they had requested, their attempt to hold Muse accountable under Oklahoma law for his conduct in conjunction with the procurement of their policy fails.

*Smith* at 2 (emphasis added; footnotes omitted).

*Smith* is exactly on point. Plaintiff never asserts in its Petition that the insurance it purchased was different, either in the amount or kind of coverage, from what it requested. And as illustrated above, in language *identical* to that used by the *Smith* plaintiffs, as bolded above, Plaintiff has asserted that the Policy did "not accurately reflect the replacement cost". (Exhibit 1 at ¶ 49(b)). *Smith* makes clear that this is insufficient to

hold an insurance agency liable for negligent procurement.  Such a claim was insufficient

to defeat diversity in that case, and the same is true in the instant case.

   **Plaintiff's Fifth Cause of Action, for constructive fraud/negligent**

**misrepresentation**:  *Smith* also addresses this claim.  Plaintiff has alleged that Berrong

did not accurately explain what "replacement" cost meant.  (Exhibit 1 at ¶¶ 57-70).  As

stated by *Smith*:

> Courts routinely reject insureds' attempts to hold their insurance
> agent or insurance company liable for failing to explain the terms of
> coverage. . . .  Although an agent may be held accountable for failing to
> answer an insured's coverage questions accurately, he or she generally is
> not obligated to explain the policy terms to the insured.  Rather, under
> Oklahoma law "[i]t is the duty of the insured to read and know the contents
> of the policy before he accepts it, and where he fails or neglects to do so he
> is estopped from denying knowledge of its terms and conditions, unless he
> alleges and proves that he was induced not to read the policy by trick or
> fraud of the other party."  Plaintiffs do not assert they specifically asked
> Muse about the policy's payment terms or that he affirmatively
> misrepresented what they had to do to obtain replacement cost benefits.
> Based on the facts pleaded in the petition and the further factual matters
> plaintiffs assert they could prove, the court concludes that Muse did not
> breach a duty owed to plaintiffs when he did not explain the benefits
> payment process to them.

*Smith* at 3 (citations omitted).  *Smith* concludes: "As the allegations in the petition are

insufficient to demonstrate that Muse breached a general duty owed plaintiffs, their

constructive fraud/negligent misrepresentation claim, which requires a breach of duty,

fails."  *Id.* at 4.  The same analysis leads to the same conclusion in the instant case.

   **Plaintiff's Sixth Cause of Action, for negligent underwriting**:  As with the

remainder of its claims, Plaintiff does not specifically assert this claim against Berrong,

but generally refers to "Defendants."  To the extent Plaintiff is asserting a claim against Berrong, the claim fails as a matter of law.

"Underwriting" is defined as "[t]he act of assuming a risk by insuring it."  *Black's Law Dictionary* 1528 (7th ed. 1999).  An insurance agency such as Berrong is not an "underwriter," because it does not insure a risk; furthermore, Oklahoma courts have consistently held that an insurance agent is not a party to the insurance contract.  *See, for example, Timmons v. Royal Globe Ins. Co.*, 653 P.2d at 912–13.  Only an insurer insures a risk, and Berrong is not an insurer since it was EMC, and not Berrong, that contracted through the Policy with Plaintiff to insure its property.   Berrong did not insure the risk, and therefore cannot be liable for "negligent underwriting."

Further, the only indication that this claim might possibly involve Berrong is Plaintiff's allegation that the Policy was negligently procured.  (Exhibit 1 at ¶ 80).  Thus, it is duplicative of the Fourth Cause of Action, and there is no possibility Plaintiff can establish such a claim.

**Plaintiff's Seventh Cause of Action, for violation of Oklahoma's Consumer Protection Act**:  The Tenth Circuit Court of Appeals and all three federal districts in Oklahoma have concluded that the Oklahoma Consumer Protection Act itself bars any such cause of action, and consequently dismissed such claims.  *See Thomas v. Metropolitan Life Ins. Co.*, 540 F.Supp.2d 1212, 1228 (W.D. Okla. 2008) (affirmed without comment at 631 F.3d 1153 (10th Cir. 2011)); *Childs v. Unified Life Ins. Co.*, 781 F.Supp.2d 1240, 1250 (N.D. Okla. 2011); and *Ward v. Toyota Motor Insurance Services, Inc.*, 2012 WL 1108039 at 3 (E.D. Okla. 2012).

Each court found that such claims by an insured were barred by a section of the Act, 15 Okla. Stat. § 754(2), which states, "Nothing in this act shall apply to . . . [a]ctions or transactions regulated under laws administered by the Corporation Commission or any other regulatory body or officer acting under statutory authority of this state or the United States."  The Oklahoma Insurance Department is such an "other regulatory body" acting under the authority of the Oklahoma Constitution, which charges it with the execution of all laws in relation to insurance and insurance companies.  Okla. Const. Art. 6, § 22.  Such laws are contained in the Oklahoma Insurance Code, which defines an "insurance producer" as "a person required to be licensed under the laws of this state to sell, solicit, or negotiate insurance. . . .  For purposes of the laws of this state and the Oklahoma Insurance Code, the term 'insurance agent' shall have the same meaning as the term 'insurance producer.'"  36 Okla. Stat. § 1435.2(7).

Berrong is an insurance agency.  Plaintiff's assertions against it relate to the procurement of an insurance policy, which is a "transaction" regulated by the Oklahoma Insurance Department and by the Oklahoma Insurance Commissioner, who enforces the Insurance Code and has "jurisdiction over all complaints against all persons engaged in the business of insurance. . . . "  36 Okla. Stat. § 307.  Such a transaction is not subject to the Consumer Protection Act, and Plaintiff therefore has no claim under the Act against Berrong.

Without specifically including it in its Seventh Cause of Action, Plaintiff also states in Paragraph 14 of its petition that in addition to the Oklahoma Consumer Protection Act its action is brought pursuant to a section of the Oklahoma Unfair Claims

Settlement Practices Act, 36 Okla. Stat. § 1250.5.   Again, Plaintiff has no such claim.
The Oklahoma Supreme Court could not have been clearer when it stated, "The question
presented is whether there is a private cause of action against an insurer who violates
provisions of the Unfair Claim Settlement Practices Act . . . .   We hold the Act does not
provide for a private right of action*." Walker v. Chouteau Lime Co.*, 849 P.2d. 1085,
1086 (Okla. 1993).   Significantly, the Court did not limit this holding to insurance
carriers, but stated that "the Act does not provide for a private right of action," thus
making clear that no action can be predicated upon it of any type. *Id.*  This means neither
an insurance agency nor any other party subject to the Act can be sued for the alleged
violation of its provisions.   To the extent Plaintiff asserts a cause of action under this
statute, Oklahoma law simply precludes any such cause of action.

**Plaintiff's Eighth Cause of Action, for breach of common law duty of good
faith and fair dealing**: The Oklahoma Supreme Court has explicitly held that an agent
of an insurer cannot be liable for bad faith.   Such a claim against an agent was rejected in
*Timmons v. Royal Globe Ins. Co.*, 653 P.2d at 912–13, where the Court agreed that an
agent cannot be held to breach the implied covenant of good faith and fair dealing, which
is determined as a matter of law to attach in every insurance contract, "in the event (as
here) that he is not a party to the contract." *Id.* at 912.  Thus, there is no possibility that
Plaintiff can establish such a cause of action against Berrong.

Incredibly, Plaintiff has not only conceded that no such cause of action exists
against Berrong, it has admitted it is unsure about what it pled.  In response to a motion to
dismiss which Berrong filed in state court, Plaintiff states: "Plaintiff will dismiss this

16

action against Defendant Berrong if Plaintiff plead [*sic*] such a cause of action against Defendant Berrong." (Exhibit 7, Response to Motion to Dismiss, p. 7). This not only indicates the impossibility of such a specific cause of action, it illustrates the fraudulent nature of Plaintiff's petition which leaves it to the reader to guess which unnamed "Defendants" are subject to which claims, until a defendant raises the point.

In summation, all the claims against Berrong have been fraudulently misjoined and fraudulently joined against EMC. Under either concept, this case is removable.

## VI.   PLAINTIFF HAS FRAUDULENTLY JOINED ITS CLAIMS AGAINST UMBER WITH ITS CLAIMS AGAINST EMC, BECAUSE THERE IS NO POSSIBILITY THAT PLAINTIFF CAN ESTABLISH A CAUSE OF ACTION AGAINST UMBER.

Umber is an Oklahoma licensed independent insurance adjuster which was hired by EMC to adjust Plaintiff's insurance claim. (Exhibit 5). Umber has no contract with Plaintiff, and as a decision from this District makes clear, he has no duty to Plaintiff related to his investigation of the claim.

The decision is *Wallace v. Allstate Ins. Co.,* 2012 WL 2060664 (W.D. Okla. 2012), and as in the *Smith* decision, fraudulent joinder was applied to deny a motion to remand and to dismiss the claim against a non-diverse defendant. That Defendant – as in the instant case – was an independent adjuster.

In *Wallace,* the plaintiff sued her diverse insurer and the insurer's non-diverse adjuster for negligently mishandling her insurance claim. The insured filed a notice of removal, and the plaintiff filed a motion to remand. The Court denied the motion to remand and dismissed *with prejudice* the claims against the adjuster, finding that an

17

independent insurance adjuster who is hired by an insurer to investigate a claim does not owe a duty to the insured to conduct a fair and reasonable investigation. The Court reasoned that when an adjuster mishandles a claim, the adjuster's actions are imputed to the insurer, and concluded that "[p]ublic policy and other considerations counsel against holding insurance adjusters liable to the insureds for simple negligence, at least in circumstances such as those present here." *Id.* at 1.[3]

Plaintiff has only specifically named Umber in one of its causes of action, and even if Umber is included in the three additional causes of action where Plaintiff refers generally to "Defendants," as in *Wallace*, there is no possibility that Plaintiff can establish a cause of action against him.[4]

**Plaintiff's Second Cause of Action for bad faith**: As with Berrong, Umber cannot possibly be liable to Plaintiff for this claim, because he has no contractual

---

[3] *Wallace* distinguished a Court of Civil Appeals decision, *Brown v. State Farm Fire and Casualty Co.*, 58 P.3d 217 (Okla. Civ. App. 2002), and concluded that the Oklahoma Supreme Court would follow the majority view and not impose liability on independent insurance adjusters.

[4] As for Plaintiff's other claims, its First Cause of Action is for breach of contract, and names only EMC. Plaintiff never asserts it had any contractual relationship with Umber.

Plaintiff's Third Cause of Action is for breach of fiduciary duty, and names only EMC and Berrong. The creation of a fiduciary relationship is based on some form of an agreement, *Quinlan v. Koch Oil Co.*, 25 F.3d 936, 942 (10th Cir. 1994), and again, there was no agreement alleged to exist between EMC's independent insurance adjuster Umber and Plaintiff.

Plaintiff's Fourth Cause of Action is for negligent procurement of insurance, and Oklahoma only recognizes a duty to exercise reasonable care in procuring insurance on the part of an insurance *agent*. *Swickey v. Silvey Cos.*, 979 P.2d 266, 269 (Okla. Civ. App. 1999). Obviously an insurance adjuster would have no such duty.

Plaintiff's Fifth Cause of Action is for constructive fraud/negligent misrepresentation, and names only Berrong and EMC.

relationship with Plaintiff.  Oklahoma's seminal bad faith case, *Christian v. American Home Assurance Co.,* holds that *insurers owe their insureds the duty to deal fairly and act in good faith toward them.  Supra* at 904.  The source of this duty is the contractual relationship between the insurer and its insured.  *Timmons v. Royal Globe Ins. Co.,* 653 P.2d at 912-13.  The claim of bad faith has never been extended to those who are strangers to the contract, because they are not subject to the implied covenant of good faith and fair dealing.  *Id.*  Rather, the duty exists due to the "special relationship" between an insurer and its insured; a duty that "is nondelegable so that insurers cannot escape it by delegating tasks to third parties." *Wathor v. Mut. Assur. Adm'rs.,* 87 P.3d 559, 562 (Okla. 2004).

Umber is such a third party.  As an insurance adjuster, Oklahoma law is clear that he has no special relationship to plaintiff that would create the duty of good faith and fair dealing that exists between an insurer and its insured.  *See Timmons v. Royal Globe. Ins. Co., supra.*  There is no possibility Plaintiff can bring this cause of action against Umber, since such a claim is not recognized under the law of this state.

**Plaintiff's Sixth Cause of Action, for negligent underwriting**:  As with the remainder of its claims, Plaintiff does not specifically assert this claim against Umber, but generally refers to "Defendants."  To the extent Plaintiff is asserting a claim against Umber for negligent underwriting, the claim fails as a matter of law.

As noted above, "underwriting" is defined as "[t]he act of assuming a risk by insuring it." *Black's Law Dictionary* 1528 (7th ed. 1999).  An insurer insures a risk, and Umber is not an insurer, he is an independent insurance adjuster.

"Insurance adjuster" is defined in the Oklahoma Statutes as "any person, firm, association, company, or legal entity that acts in this state for an insurer, and investigates claims, adjusts losses, negotiates claim settlements, or performs incidental duties arising pursuant to the provisions of insurance contracts on behalf of an insurer." 36 Okla. Stat. § 6202. Conspicuous by its absence in this definition, an insurance adjuster's duties do not come into play until *after* the formation of the contract for insurance, by which the time any "underwriting" of the Policy had necessarily been completed since the risk assumed had been insured by the insurance contract.

The underwriting issues upon which Plaintiff purports to base its claim have nothing to do with the activities of Umber in adjusting Plaintiff's insurance claim, which did not begin until after the insurance contract was in force and the alleged loss had occurred. Clearly, no such claim can lie against an adjuster who was not a party to the insurance contract, and thus had no involvement in its drafting, nor could even have been retained in relation to a loss under that policy until the contract was agreed to by the parties and in effect.

Moreover, the allegations used to support this theory are merely restatements of the unsupported and unsubstantiated general statements used in support of Plaintiff's negligent procurement claim against Berrong, its insurance agency. Such a claim cannot be maintained against an insurance agent with whom the insured at least had a relationship; much less can it be maintained against an insurance adjuster such as Umber with whom the insured has no relationship whatsoever.

**Plaintiff's Seventh Cause of Action, for violation of Oklahoma's Consumer Protection Act**:  Just as this claim cannot lie against insurance agency Berrong, it does not lie against insurance adjuster Umber.   The Act itself forbids Plaintiff's cause of action, because Umber is licensed and regulated by the Oklahoma Insurance Department, and therefore exempt from the Act.  The Act states, "Nothing in this act shall apply to: . . . [a]ctions or transactions regulated under laws administered by the Corporation Commission or any other regulatory body or officer acting under statutory authority of this state or the United States."   15 Okla. Stat. § 754(2).   The Oklahoma Insurance Department is such an "other regulatory body" acting under the authority of the Oklahoma Constitution, which charges it with the execution of all laws in relation to insurance and insurance companies.  Okla. Const. Art. 6 § 22.

The Oklahoma Insurance Commissioner "promulgates rules necessary to carry out the provisions" of the Oklahoma Insurance Code.  36 Okla. Stat. § 307.  Further, the Commissioner has been statutorily charged with the duty of enforcing the Oklahoma Insurance Code and has been granted "jurisdiction over all complaints against all persons engaged in the business of insurance."  *Id.*  This includes authority over insurance adjusters who are licensed by the Commissioner in accordance with the Insurance Adjusters Licensing Act.  *Id.* at § 6207.  In addition to this authority, the Commissioner also has regulatory power to "censure, suspend, revoke, or refuse to issue a renewal license" after hearing, for a specified cause, and may further subject adjusters to administrative penalties.  *Id.* at § 6220.  Therefore, Umber is exempt from any claims

under the Act, because insurance adjusters are regulated by the Oklahoma Insurance Department.

Further, dismissals by the Tenth Circuit Court of Appeals and all three federal districts in Oklahoma, cited above in relation to the fraudulent joinder of a claim under the Act asserted against Berrong, equally apply here.  Claims asserted by an insured under authority of the Act are barred under 15 Okla. Stat. § 754(2), and therefore should be dismissed, because the Insurance Commissioner has statutory authority to regulate acts involving the business of insurance.  *See Thomas v. Metropolitan Life Ins. Co*., 540 F.Supp.2d 1212, 1228 (W.D. Okla. 2008) (affirmed without comment at 631 F.3d 1153 (2011)); *Childs v. Unified Life Ins. Co.*, 781 F.Supp.2d 1240, 1250 (N.D. Okla. 2011); and *Ward v. Toyota Motor Ins. Servs., Inc*., 2012 WL 1108039 at 3 (E.D. Okla. 2012).

Because insurance adjusters such as Umber are regulated by the Oklahoma Department of Insurance and its Commissioner, they are exempt from the Act.  Thus, there is no possibility that Plaintiff would be able to establish a cause of action under the Act against him.  The same is true for any claim that Plaintiff may have made under the Unfair Claims Settlement Practices Act because, as discussed above, that Act does not create a private right of action.  *See Walker v. Chouteau Lime Co*., 849 P.2d. 1085 (Okla. 1993).  Significantly, the Court did not limit that holding to insurance carriers, but stated that "the Act does not provide for a private right of action," thus making clear that no action can be predicated upon it of any type.  *Id*. at 1086.

**Plaintiff's Eighth Cause of Action, for breach of common law duty of good faith and fair dealing**:  This claim against Umber is duplicative of the bad faith claim

Plaintiff asserts in its Second Cause of Action.  For the reasons expressed above, there is no possibility that Plaintiff can establish such a cause of action against Umber.

## VII.   PLAINTIFF HAS COMMITTED OUTRIGHT FRAUD.

There is a second basis for fraudulent joinder, aside from a showing that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant.  That is where there has been outright fraud in the plaintiff's pleadings of jurisdictional facts, which occurs where joinder was done "without good faith."  *Am. Nat'l Bank and Trust Co. of Sapulpa v. Bic Corp.*, 931 F.2d 1411, 1412 (10th Cir. 1991).

Plaintiff cannot be said to have acted in good faith by filing a petition that asserts claims that cannot possibly exist, or that makes allegations against unnamed "Defendants" and leaves it up to the reader to ascertain which Defendant or Defendants are allegedly liable for which cause of action.  The use of "Defendants" implies that Plaintiff is referring to all Defendants, but it is impossible to conclude that Plaintiff really believes, for example, that an insurance adjuster can be guilty of negligent underwriting. Even under the most liberal pleading standards, Plaintiff is required by the Oklahoma Pleading Code to present a short and plain statement of the claim showing that it is entitled to relief.  12 Okla. Stat. § 2008(A)(1).  This includes a showing of from whom relief is entitled, and Plaintiff has not done so.  It is obvious that Plaintiff has included non-existent claims against non-diverse Defendants simply in the hope that it can defeat diversity jurisdiction and prevent removal of the claims against EMC in this action to federal court.

## CONCLUSION

Defendant Employers Mutual Casualty Company, pursuant to 28 U.S.C. § 1441, hereby files this Notice of Removal of the above-styled lawsuit from the District Court of Cleveland County, Oklahoma, to the United States District Court for the Western District of Oklahoma, as to the claims against EMC.

Respectfully submitted,

*s/Phil R. Richards*
Phil R. Richards, OBA #10457
Jessica N. Battson, OBA #22843
Randy Lewin, OBA #16518
RICHARDS & CONNOR
12th Floor, ParkCentre Bldg.
525 S. Main Street
Tulsa, Oklahoma 74103
Telephone: 918/585.2394
Facsimile: 918/585.1449

ATTORNEYS FOR DEFENDANT
EMPLOYERS MUTUAL CASUALTY
COMPANY

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on the 7th day of November, 2014, I electronically transmitted this Notice of Removal to the Clerk of the Court using the ECF System for filing. Additionally, pursuant to 28 U.S.C. § 1446(d), true and correct copies of the Notice of removal were delivered to:

Jay Drew Houghton, Esq.
Foshee & Yaffe
P.O. Box 890420
Oklahoma City, OK 73189

Larry Bache, Esq.
Merlin Law Group
777 S. Harbor Blvd., 9th Floor
Tampa, FL 33602

Philip N. Sanov, Esq.
Merlin Law Group
Three Riverway, Suite 1375
Houston, TX 77056

**ATTORNEYS FOR PLAINTIFF
GO MART, INC.**

Cleveland County Court Clerk
200 S. Peters Ave.
Norman, OK  73069-6070

/s/ *Phil R. Richards*
Phil R. Richards

25