

IN THE DISTRICT COURT OF CLEVELAND COUNTY
STATE OF OKLAHOMA

| | |
|---|---|
| GO MART, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| versus ) | Case No. CJ-14-60 TB |
| ) | |
| EMPLOYERS MUTUAL INSURANCE ) | STATE OF OKLAHOMA } S.S. |
| COMPANY, ED BERRONG INSURANCE ) | CLEVELAND COUNTY |
| AGENCY, INC., and LARRY DON UMBER, ) | FILED In The |
| ) | Office of the Court Clerk |
| Defendants. ) | |
| | MAY 19 2014 |
| | |
| | DOCKET____PAGE____RECORDED |
| PETITION | Rhonda Hall, Court Clerk |
| | _____DEPUTY |

COME NOW the Plaintiff, GO MART, INC. (hereinafter "Plaintiff"), and for its causes of action against Defendants, EMPLOYERS MUTUAL INSURANCE COMPANY, (hereinafter collectively referred to as "EMPLOYERS MUTUAL"), and ED BERRONG INSURANCE AGENCY, INC. (hereinafter "ED BERRONG"), and LARRY DON UMBER (hereinafter "UMBER"), hereby states as follows:

### STATEMENT OF FACTS

1. Plaintiff is situated in Moore, Cleveland County, Oklahoma. Plaintiff has an insurable interest in the property located at 1301 N. Janeway Avenue, Moore, Oklahoma 73160.

2. Defendant, EMPLOYERS MUTUAL, is a corporation incorporated under the laws of the State of Iowa, and is an insurance company registered to engage in the business of insurance in the state of Oklahoma.

3. Defendant, ED BERRONG, is an insurance agency incorporated under the laws of the State of Oklahoma, having its principal place of business in Oklahoma.

1

Exhibit 1 to Notice of Removal

4. Defendant, UMBER, upon information and belief, is licensed as an insurance adjuster in the state of Oklahoma. UMBER'S Oklahoma license number is 0000123700. This cause of action arises out of Defendant's actions and/or inactions during the investigation and evaluation of Plaintiff's claim. This Defendant is an individual that was hired as an adjuster by one or more other Defendants herein.

5. Plaintiff entered into a contract for insurance with Defendant, EMPLOYERS MUTUAL to provide coverage for its property and its contents. Plaintiff's insured property is located in Cleveland County, Oklahoma.

6. Plaintiff purchased the policy of insurance through the offices of Defendant, ED BERRONG. At the time Plaintiff purchased the policy of insurance with Defendant EMPLOYERS MUTUAL, the Defendant ED BERRONG, was an agents and/or an ostensible agent of Defendant EMPLOYERS MUTUAL.

7. Defendant, ED BERRONG, was familiar with Plaintiff and has served as Plaintiff's primary insurance agent for its insurance needs. Defendant, EMPLOYERS MUTUAL, advised Plaintiff of the need to maintain replacement cost coverage on the property.

8. Plaintiff relied on Defendant, ED BERRONG'S, representations and purchased the same. Plaintiff trusted and believed Defendant, ED BERRONG, had the requisite insurance agent skills and expertise to properly procure the replacement cost insurance coverage Plaintiff requested.

9. Thereafter Defendant, EMPLOYERS MUTUAL, issued the Business Protection Policy of insurance, Policy 3X1-32-52-14, to the Plaintiff.

Exhibit 1 to Notice of Removal

10. Defendant, EMPLOYERS MUTUAL, represented to the Plaintiff, directly and through its agent, Defendant, ED BERRONG, that it would conduct itself in accordance with Oklahoma law and would fully and faithfully investigate and pay claims. Plaintiff relied on said representations.

11. On or about May 31, 2013, the property insured by Plaintiff under the subject insurance policy was severely damaged as a direct result of a wind/hailstorm.

12. Plaintiff timely and properly submitted a claim to Defendant, EMPLOYERS MUTUAL, for the property damage incurred due to the wind/hailstorm.

13. Defendant, EMPLOYERS MUTUAL, confirmed that the cause of Plaintiff's property damage claim was due to wind/hailstorm and that the loss was covered under the terms and conditions of the insurance policy with Defendant, EMPLOYERS MUTUAL. Defendant, EMPLOYERS MUTUAL assigned a claim number of 1032406.

## STATUTORY AUTHORITY

14. This suit is being brought, in part, under the Oklahoma Unfair Settlement Practices Act, Okla. Stat. Ann. §36-1250.5; and the Oklahoma Consumer Protection Act, 15 Okla. Stat. §753.

## FIRST CAUSE OF ACTION
## BREACH OF CONTRACT

15. Plaintiff adopts and incorporates by reference paragraphs 1 through 14 above as if fully plead herein, and for further claims against the Defendant, EMPLOYERS MUTUAL, alleges as follows:

16. Plaintiff entered into a contract for insurance with Defendant, EMPLOYERS MUTUAL, to provide coverage for the dwelling and personal property.

Exhibit 1 to Notice of Removal

17. At all times material hereto, the policy of insurance, Policy No. 3X1-32-52-14, was in full force and effect.

18. Plaintiff provided timely and proper notice of its claim of property damage resultant from the May 31, 2013 wind/hailstorm.

19. Plaintiff has complied with the terms and conditions and all conditions precedent under the policy of insurance.

20. This notwithstanding, the Defendant, EMPLOYERS MUTUAL, has breached its contractual obligations under the terms and conditions of the insurance contract with Plaintiff by failing to pay Plaintiff all benefits owed.

21. As a result of the Defendant, EMPLOYERS MUTUAL's breach of contract the Plaintiffs have sustained financial losses, mental and emotional distress, and have been damaged in an amount in excess of Ten Thousand Dollars ($10,000.00), exclusive of attorneys' fees, costs, and all interest allowed by law.

22. The conduct of Defendant, EMPLOYERS MUTUAL, was intentional, willful, malicious, and in reckless disregard to the rights of Plaintiff, and said conduct is sufficiently egregious in nature to warrant the imposition of punitive damages.

### SECOND CAUSE OF ACTION
### BAD FAITH

23. Plaintiff adopts and incorporates by reference paragraphs 1 through 22 above as if fully plead herein, and for further claims against the Defendants, EMPLOYERS MUTUAL, and UMBER, (sometimes referred to hereafter as the "DEFENDANTS"), alleges as follows:

24. Defendants, EMPLOYERS MUTUAL, and UMBER, owed a duty to Plaintiff to deal fairly and act in good faith.

25. Defendants, EMPLOYERS MUTUAL, and UMBER, breached their duty to deal fairly and act in good faith by engaging in the following acts and/or omissions:

   a. Failing to pay the full and fair amount for the property damage sustained by Plaintiffs during the May 31, 2013 wind/hailstorm in accordance with the terms and conditions of the insurance poilcy.

   b. Failing to pay all additional coverages due and owing to Plaintiff under the terms and conditions of the insurance policy

   c. Reducing the fair amount of Plaintiff's claims unfairly and without a valid basis.

   d. Violating the Unfair Claims Settlement Practices Act, 36 O.S. §§1250.1-1250.16 by wrongfully, intentionally and repeatedly withholding benefits and coverages due and owing to the Plaintiff under the terms and conditions of the insurance policy.

   e. Wrongfully, intentionally and repeatedly failing to communicate all coverages and benefits applicable to Plaintiff's claim.

   f. Forcing Plaintiff to obtain legal counsel to recover insurance benefits entitled to under the terms and conditions of the insurance contract.

   g. Failing to conduct a fair and objective investigation of the damage to Plaintiff's property.

   h. Intentionally engaging in an outcome oriented investigation.

   i. Intentionally engaging in a systematic scheme designed to save money otherwise due and owing to the Plaintiffs and other similarly situated insureds as a cost-saving mechanism.

Exhibit 1 to Notice of Removal

26. Defendants, EMPLOYERS MUTUAL'S, and UMBER'S, obligations to the Plaintiff arise from both express written terms under the insurance policy and under the Oklahoma Insurance Code as well as implied obligations under Oklahoma law.

27. Defendants, EMPLOYERS MUTUAL'S, and UMBER'S, failure to implement and/or follow the statutory impositions under the Oklahoma Insurance Code constitute bad faith.

28. Defendants, EMPLOYERS MUTUAL'S, and UMBER'S, conduct is a material breach of the terms and conditions of the insurance contract entered into with the Plaintiff and constitutes bad faith.

29. As a direct and proximate result of Defendants, EMPLOYERS MUTUAL'S, and UMBER'S, unfair claims handling conduct, Plaintiff's claim was unnecessarily delayed, inadequately investigated, and wrongfully underpaid. Said actions resulted in additional profits and a financial windfall to Defendants, EMPLOYERS MUTUAL, and UMBER.

30. As a result of the Defendants, EMPLOYERS MUTUAL'S, and UMBER'S, conduct the Plaintiff has sustained financial losses, and has been damaged in an amount in excess of Ten Thousand Dollars ($10,000.00), exclusive of attorneys' fees, costs, and all interest allowed by law.

31. The conduct of Defendants, EMPLOYERS MUTUAL, and UMBER, was intentional, willful, malicious, and in reckless disregard to the rights of Plaintiff, and said conduct is sufficiently egregious in nature to warrant the imposition of punitive damages.

Exhibit 1 to Notice of Removal

32. Plaintiff further alleges Defendant, EMPLOYERS MUTUAL enjoyed increased financial benefits and ill-gotten gains as a direct result of the intentional and wrongful conduct described above, which resulted in further damage to the Plaintiff.

### THIRD CAUSE OF ACTION
### BREACH OF FIDUCIARY DUTY

33. Plaintiff adopts and incorporates by reference paragraphs 1 through 32 above as if fully plead herein, and for further claims against the Defendants alleges as follows:

34. Due to the unequal bargaining power between Plaintiff and Defendants, the quasi-public nature of insurance, and the potential for Defendants to unscrupiously exploit that power at a time when Plaintiff was most vulnerable, a special relationship akin to that of a fiduciary duty exists between Plaintiff and Defendants.

35. As a result of the special relationship, Defendants owed a fiduciary duty to their insured to act in a manner consistent with the best interests of their insureds.

36. A fiduciary duty existed between Plaintiff and Defendant, ED BERRONG. The overwhelming influence of Defendant, ED BERRONG, over Plaintiff, and Plaintiff's dependency and trust in their insurance agent, and Defendant, ED BERRONG'S, assurance it could procure the insurance policy Plaintiff requested creates a fiduciary status.

37. Given the specialized knowledge the Defendant, EMPLOYERS MUTUAL, possessed with regard to the terms and conditions of the insurance policy, the Defendant, EMPLOYERS MUTUAL'S duty to act reasonably created such a

special relationship so as to make the Defendant, EMPLOYERS MUTUAL, a fiduciary.

38. The Defendants breached their fiduciary duties owed to the Plaintiff.

39. As a result of Defendants' breach of fiduciary duties, Plaintiff has sustained financial losses, and has been damaged in an amount in excess of Ten Thousand Dollars ($10,000.00), exclusive of attorneys' fees, costs, and all interest allowed by law.

40. The conduct of Defendants was intentional, willful, malicious, and in reckless disregard to the rights of Plaintiff, and said conduct is sufficiently egregious in nature to warrant the imposition of punitive damages.

### FOURTH CAUSE OF ACTION
### NEGLIGENCE IN THE PROCUREMENT OF INSURANCE

41. Plaintiff adopts and incorporates by reference paragraphs 1 through 40 above as if fully plead herein, and for further claims against the Defendants alleges as follows:

42. Defendant, ED BERRONG, was familiar with Plaintiff and had been hired as Plaintiff's primary insurance agent for the property insurance needs. In this capacity, Defendant, ED BERRONG, advised Plaintiff of the need to purchase and maintain the more expensive replacement cost coverage so that its business dwelling and personal property would be replaced in the event of damage or destruction to their property by a covered loss.

43. Plaintiff relied upon Defendant, ED BERRONG'S, representations and annually purchased the suggested coverage by paying a higher premium each year.

8

Exhibit 1 to Notice of Removal

44. Defendant, ED BERRONG, procured the subject replacement cost policy for Plaintiff.

45. At all times relevant hereto, the Defendant, ED BERRONG, was an agent and/or an ostensible agent of Defendant, EMPLOYERS MUTUAL.

46. Defendant, EMPLOYERS MUTUAL, owed Plaintiff a duty to act in good faith and to exercise reasonable care, skill and diligence in the procurement of insurance for Plaintiff, and in the notification of insurance coverage options to the Plaintiff.

47. Defendant, ED BERRONG, had a duty to inform Plaintiff of all coverages, benefits, limitations and exclusions in the coverage procured.

48. Defendant, ED BERRONG, breached its duty owed to Plaintiff and is liable to the Plaintiff because the insurance requested by Plaintiff was not procured as promised and Plaintiff suffered a loss.

49. Defendant, ED BERRONG, breached its duty owed to Plaintiff by:

a. Procuring an insurance policy that did not serve to actually replace its property and personal property when it was damaged or destroyed by a covered loss.

b. Procuring an insurance policy that did not accurately reflect the replacement cost of Plaintiff's dwelling.

c. Failing to inform Plaintiff of the limitations of the insurance policy procured for Plaintiff.

50. Defendant, ED BERRONG, was negligent and breached its duty owed to Plaintiff by failing to review the policy procured for Plaintiff to ensure it provided appropriate and adequate coverage.

Exhibit 1 to Notice of Removal

51. Plaintiff reasonably believed the insurance policy procured and maintained by Defendant, ED BERRONG, was in conformity to their agreement with Defendant, ED BERRONG.

52. Plaintiff relied upon Defendant, ED BERRONG, to procure and maintain appropriate and adequate coverage.

53. Defendant, ED BERRONG, knew or should have known Plaintiff relied upon it to procure appropriate and adequate coverage, and it is foreseeable that the failure to procure appropriate and adequate coverage for Plaintiff could unnecessarily expose Plaintiff to significant harm, losses and damages.

54. The Defendant, ED BERRONG, was an agent and/or an ostensible agent of Defendant, EMPLOYERS MUTUAL, and Defendant, EMPLOYERS MUTUAL is vicariously liable for the conduct of Defendant, ED BERRONG.

55. As a result of Defendants' conduct, Plaintiff has sustained financial losses, and has been damaged in an amount in excess of Ten Thousand Dollars ($10,000.00), exclusive of attorneys' fees, costs, and all interest allowed by law.

56. The conduct of Defendants was intentional, willful, malicious, and in reckless disregard to the rights of Plaintiff, and said conduct is sufficiently egregious in nature to warrant the imposition of punitive damages.

### FIFTH CAUSE OF ACTION
### CONSTRUCTIVE FRAUD AND
### NEGLIGENT MISREPRESENTATION

57. Plaintiff adopts and incorporates by reference paragraphs 1 through 56 above as if fully plead herein, and for further claims against the Defendants alleges as follows:

Exhibit 1 to Notice of Removal

58. Defendant, ED BERRONG, had a duty to exercise reasonable diligence and skill in obtaining and notifying Plaintiff of insurance coverage options.

59. Defendant, ED BERRONG, breached its duty to Plaintiff by misrepresenting to Plaintiff as follows:

a. That the insurance procured was truly one of "replacement."

b. That the amount of coverage procured, and for which premiums were paid, was equal to the estimated replacement cost of Plaintiff's property.

c. That the amount of coverage procured would provide the coverage necessary for Plaintiff to replace its property in the event it was destroyed by a covered event.

d. That the insurance policy procured would comply with Plaintiff's reasonable expectations that the property would be restored to its pre-loss condition in the event of a covered loss.

60. That as a result of Defendant, ED BERRONG'S, breach of duty, Defendant, ED BERRONG, gained an advantage to the prejudice and detriment of Plaintiff.

61. Defendant, ED BERRONG, misrepresented the nature of the insurance policy procured for Plaintiff.

62. Defendant, ED BERRONG, misrepresented the policy as one which was necessary to provide appropriate and adequate coverage for Plaintiff's business property and personal property.

63. Defendant, ED BERRONG, misrepresented the policy was one which was in an amount necessary to replace Plaintiff's property in the event it was destroyed by a covered event.

Exhibit 1 to Notice of Removal

64. Defendant, ED BERRONG'S, misrepresentations constitute constructive fraud.

65. Plaintiff was induced to accept and purchase the Defendant, EMPLOYERS MUTUAL, policy of insurance by Defendant, ED BERRONG'S, misrepresentations and constructive fraud.

66. Plaintiff was misled by Defendant, ED BERRONG'S, misrepresentations and constructive fraud.

67. The Defendant, ED BERRONG, was an agent and/or an ostensible agent of Defendant, EMPLOYERS MUTUAL, for purposes of these misrepresentations, and as such the Defendant, EMPLOYERS MUTUAL, is vicariously liable for the conduct of Defendant, ED BERRONG.

68. As a result of the Defendants' misrepresentations and constructive fraud, Plaintiff has sustained financial losses, and has been damaged in an amount in excess of Ten Thousand Dollars ($10,000.00), exclusive of attorneys' fees, costs, and all interest allowed by law.

69. Plaintiff is further entitled to reformation of the insurance contract to provide coverage consistent with the Defendant, ED BERRONG'S, misrepresentations.

70. The conduct of Defendants was intentional, willful, malicious, and in reckless disregard to the rights of Plaintiff, and/or was grossly negligence, and is sufficiently egregious in nature to warrant the imposition of punitive damages.

### SIXTH CAUSE OF ACTION
### NEGLIGENT UNDERWRITING

71. Plaintiff adopts and incorporates by reference paragraphs 1 through 70 above as if fully plead herein, and for further claims against the Defendants alleges as follows:

Exhibit 1 to Notice of Removal

72. At the time the insurance policy was sold to Plaintiff, Defendants were obligated to utilize reasonable valuation methodology to determine the costs which Defendants considered necessary to cover the replacement costs of Plaintiff's property. As such, Defendants were then prohibited from writing a policy for more insurance than they considered necessary to cover the replacement cost of Plaintiff's property as determined at the time the subject policy was written.

73. Thereafter, Defendants owed a duty to Plaintiff to exercise good faith, reasonable care, skill and expertise in the underwriting analysis to ensure the insurance policy provided appropriate and adequate coverage once the insurer-insured relationship was established.

74. Defendants breached their duties to Plaintiff to exercise good faith, reasonable care, skill and expertise in failing to establish an accurate and consistent methodology for calculating the replacement cost of Plaintiff's dwelling and/or personal property.

75. Defendants' breach resulted in both inconsistent and inaccurate replacement cost valuations whereby the Plaintiff paid premiums for policy limits that did not accurately reflect the risks insured.

76. Defendants further breached their duties by automatically applying Defendant, EMPLOYERS MUTUAL's annual inflationary adjustments which were utilized to increase Plaintiff's policy limits and premiums without regard to whether or not the inflationary adjustment increase was necessary in relation to the dwelling's valuation at the time.

Exhibit 1 to Notice of Removal

77. The conduct and inconsistencies referenced herein violate Defendants' duties of good faith and fair dealing implicit in the insurance contract with Plaintiff and other Oklahoma policyholders.

78. Defendants' obligations arise from both the express written terms of the policy and the Oklahoma Insurance Code and Defendants' failure to implement and/or follow Oklahoma's statutory Insurance Code also constitutes unfair claims handling.

79. Defendants' conduct referenced herein constitutes a breach of this duty of good faith and fair dealing which is inherent in all insurance contracts within the State of Oklahoma.

80. Defendants' failure to procure the proper insurance product morally and legally requires it to be held to a duty of reasonable care, and that the burden of the resulting liability for breach of this duty be imposed upon them. This duty exists to foreseeability of the harm to Plaintiff which could occur as a result of failure to underwrite or procure adequate and appropriate insurance; the procurement of inadequate and improper insurance is the direct cause of the harm and injury suffered by Plaintiff; and the moral blame for the failure to procure and underwrite the current policy lies with the Defendants.

81. Further, the burden on the Defendants of imposing a duty to exercise care in procuring and underwriting the correct insurance policy for the needs of the insured (with resulting liability for breach thereof) is minimal given the expertise and uneven bargaining power of the Defendants, and Defendants' representations of being an expert in the field of providing insurance to the general public, such as

Exhibit 1 to Notice of Removal

Plaintiff.

82. Plaintiff relied on Defendants to conduct an appropriate underwriting analysis to ensure and maintain an insurance policy which provided appropriate and adequate coverage.

83. Defendants breached their duties owed to Plaintiff by failing to conduct an appropriate underwriting analysis which resulted in issuing a policy of insurance to Plaintiff that did not provide appropriate and adequate coverage to Plaintiff.

84. As a result of the Defendants' conduct, Plaintiff has sustained financial losses, and has been damaged in an amount in excess of Ten Thousand Dollars ($10,000.00), exclusive of attorneys' fees, costs, and all interest allowed by law.

85. The conduct of Defendants was intentional, willful, malicious, and in reckless disregard to the rights of Plaintiff, and/or was grossly negligence, and is sufficiently egregious in nature to warrant the imposition of punitive damages.

## SEVENTH CAUSE OF ACTION
## VIOLATIONS OF OKLAHOMA CONSUMER PROTECTION ACT

86. Plaintiff adopts and incorporates by reference paragraphs 1 through 85 above as if fully plead herein, and for further claims against the Defendants alleges as follows:

87. Plaintiff brings forth each and every cause of action alleged above under the Oklahoma Consumer Protection Act pursuant to its tie-in provision.

88. At all material times hereto, Plaintiff was a consumer who purchased insurance products and services from Defendant.

89. Defendant has violated the Oklahoma Consumer Protection Act in the manners including, but not limited to, the following:

Exhibit 1 to Notice of Removal

(1) Representing that the agreement confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law;

(2) Failing to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction that the consumer would not have entered into had the information been disclosed;

(3) Engaging in an unconscionable course of conduct.

(4) At all material times hereto, Plaintiff was a consumer of insurance services or products of Defendant, and Plaintiff would show that Defendant's violations as set forth above, constitute a violation of the Oklahoma Consumer Protection Act, causing Plaintiff damages.

(5) By accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, Defendant has engaged in an unconscionable action or course of action as prohibited by the Oklahoma Consumer Protection Act, in that Defendant took advantage of Plaintiff's lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received.

### EIGHTH CAUSE OF ACTION
### BREACH OF COMMON LAW
### DUTY OF GOOD FAITH AND FAIR DEALING

90. Plaintiff adopts and incorporates by reference paragraphs 1 through 89 above as if fully plead herein, and for further claims against the Defendants alleges as follows:

Exhibit 1 to Notice of Removal

91. Defendants' conduct, as described above, constitutes a breach of the common law duty of good faith and fair dealing owed to it's insured pursuant to the insurance contract.

92. Defendants' conduct, as described above, was in direct contradiction of the applicable industry standards of good faith and fair dealing.

93. Defendants' failure, as described above, to adequately and reasonable investigate, evaluate, and pay the benefits owed under the insurance contract, knowing full well through the exercise of reasonable diligence that its liability was reasonably clear, resulted in a breach of the duty of good faith and fair dealing.

### PRAYER FOR RELIEF

**WHEREFORE**, premises considered, the Plaintiff prays for judgment against Defendants, EMPLOYERS MUTUAL INSURANCE COMPANY, and ED BERRONG AGENCY, INC., and UMBER, for:

    a. Payment of all contractual benefits for all coverages afforded to Plaintiff under the subject policy of insurance for damage to its dwelling and personal property caused by the May 31, 2013, wind/hail storm, together with interest on all amounts due;

    b. Disgorgement of the incureased financial benefits derived by Defendants as a direct result of Defendants' wrongful or intentional, willful, malicious and/or reckless conduct;

    c. Actual and punitive damages each in an amount in excess of Ten Thousand Dollars ($10,000.00); and

Exhibit 1 to Notice of Removal

d.  Attorneys' fees, costs and interest, including pre-judgment and post-judgment interest.

Respectfully submitted,

J. DREW HOUGHTON, OBA # 18080
FOSHEE & YAFFE
P.O. Box 890420
Oklahoma City, OK 73189
Phone: (405) 232-8080
Fax: (405) 601-1103
dhoughton@fosheeyaffe.com

**MERLIN LAW GROUP**

Larry Bache, Esq.
FL State Bar No: 91304
777 S. Harbour Blvd, 9th Floor
Tampa, FL 33602
lbache@merlinlawgroup.com
T: 813-229-1000
F: 813-229-3692

Phillip N. Sanov, Esq.
TX State Bar No: 17635959
Three Riverway, Suite 701
Houston, Texas 77056
psanov@merlinlawgroup.com
T: 713-626-8880
F: 713-626-8881

*ATTORNEYS FOR PLAINTIFF*

**ATTORNEYS' LIEN CLAIMED
JURY TRIAL DEMANDED**