# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GO MART, INC., | ) |
|           Plaintiff, | ) |
| vs. | ) Case No. CIV-14-1234-M |
| EMPLOYERS MUTUAL CASUALTY COMPANY, | ) |
|           Defendant. | ) |

## ORDER

Before the Court is defendant's Motion to Dismiss Plaintiff's Causes of Action Two Through Eight, filed November 14, 2014. On December 5, 2014, plaintiff filed its response, and December 11, 2014, defendant filed its reply.

Plaintiff operates a convenience store in Choctaw, Oklahoma and purchased a policy of insurance from defendant. Plaintiff's property was allegedly damaged by a storm on May 31, 2013, and plaintiff submitted a property damage claim to defendant. According to plaintiff, defendant failed to properly adjust the claim and indemnify plaintiff as required by the insurance contract. Plaintiff has filed the instant action against defendant alleging the following causes of action: (1) breach of contract, (2) bad faith, (3) breach of fiduciary duty, (4) negligence in the procurement of insurance, (5) constructive fraud and negligent misrepresentation, (6) negligent underwriting, (7) violations of the Oklahoma Consumer Protection Act, and (8) breach of the common law duty of good faith and fair dealing. Defendant now moves, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss plaintiff's causes of action two through eight.[1]

---

[1] In its response, plaintiff states that it will withdraw causes of action three through eight.

Regarding the standard for determining whether to dismiss a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the United States Supreme Court has held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* at 679 (internal quotations and citations omitted). Additionally, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id*. at 678 (internal quotations and citations omitted). A court "must determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (internal quotations and citation omitted). Finally, "[a] court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

To plead a valid claim for bad faith, a plaintiff must establish that: (1) the insurance company was required under the insurance policy to pay plaintiff's claim; (2) the insurance company's refusal to pay the claim in full was unreasonable under the circumstances; (3) the insurance company did

not deal fairly and in good faith with the plaintiff; and (4) the insurance company's violation of its duty of good faith and fair dealing was the direct cause of the alleged damages sustained by plaintiff. *See* Oklahoma Uniform Jury Instruction 22.2. Having carefully reviewed plaintiff's Amended Petition, and presuming all of plaintiff's factual allegations are true and construing them in the light most favorable to plaintiff, the Court finds plaintiff has set forth sufficient factual allegations to state a bad faith claim against defendant. Specifically, the Court finds that while plaintiff does not set forth numerous detailed factual allegations, the factual allegations plaintiff does state are sufficient to state a bad faith claim against defendant. Plaintiff certainly alleges that defendant was required to pay plaintiff's claim and that defendant's refusal to pay was unreasonable under the circumstances. Further, plaintiff alleges, in part, that defendant unnecessarily delayed and inadequately investigated plaintiff's claim. Finally, plaintiff alleges that it sustained financial losses as a result of defendant's bad faith. The Court, therefore, finds that plaintiff's second cause of action for bad faith should not be dismissed.

Accordingly, for the reasons set forth above, the Court DENIES defendant's Motion to Dismiss Plaintiff's Causes of Action Two Through Eight [docket no. 11] as follows: the Court DENIES the motion to dismiss as to plaintiff's second cause of action, and the Court DENIES AS MOOT defendant's motion to dismiss as to plaintiff's causes of action three through eight as plaintiff has withdrawn these causes of action.

**IT IS SO ORDERED this 10th day of March, 2015.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE

3